UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OSTERMAN,

         Plaintiff,                      No. 19-10698

v.                              District Judge Sean F. Cox
                                    Magistrate Judge R. Steven Whalen

GENERAL R.V. CENTER, INC.,

         Defendant.

_____ /

**OPINION AND ORDER**

Federal court is the forum for addressing some of the most compelling issues of the day, including civil rights, voting rights, the First Amendment free speech and religion clauses, federalism, and criminal justice. And the federal judiciary deals with many important and complex procedural questions as well–jurisdiction, standing, preemption, attorney-client privilege, and the scope of e-discovery, just to name a few.

Today, the Court is asked to resolve a disagreement as to where the deposition of the Defendant's corporate representative will be held: at Plaintiff's counsel's office, which is about 27 miles from the witness' place of business, or at defense counsel's office, which is about 12 miles from his place of business. In other words, the Court must decide whether the deponent will or will not have to drive an additional 15 miles to attend his deposition. To address this important dispute, the Defendant filed a motion for protective order, with nine pages of exhibits [ECF No.10], the Plaintiff filed an 18-page response with 14 pages of exhibits [ECF No.12], and the Defendant filed a five-page reply brief [ECF No.14].

Seriously?

This is the kind of issue that should be resolved by the lawyers without judicial intervention.  In fact, this the type of disagreement that most third-graders know how to work out.  Indeed, I considered imposing a third-grade solution, like the Middle District of Florida did in *Avista v. Wausau Underwriters Insurance Co.*, 2006 WL 1562246 (M.D. Fla. 2006), where the parties could not agree on the location of a Rule 30(b)(6) deposition. The Court ordered counsel to play a game of "rock, paper, scissors," with the winner entitled to select the site for the deposition. Or as the Eastern District of New York did in *Arizonis v. Suffolk Bus Corp.*, 2014 WL 1379639 (E.D.N.Y. 2014), when the parties could not agree on which witnesses would be deposed first.  The judge in *Arizonis* directed the parties to decide the dispute by a coin toss, with Plaintiff's counsel tossing "a standard United States quarter," and the Defendant's counsel calling heads or tails. The judge optimistically observed that "this procedure will demonstrate to counsel that–in lieu of costly motion practice–matters can be resolved with an investment of twenty-five cents." *Id*. at *1.

But, as tempting as it may be to employ some version of a decide-by-chance game,[1] I have been called upon to exercise my discretion based on a critical examination of the parties' positions, and I will do so, hoping to add a dollop of common sense to the mix.

---

[1] One of my favorites, from my sandlot baseball days, is where one person tosses a baseball bat in the air, the other person catches it, and then they walk their hands up the bat, with the top hand winning.  This was used to decide which team batted first, but it could just as well be used to decide where the deposition takes place.

In its initial motion, Defendant acknowledges that Fed.R.Civ.P. 26(c) "grants trial courts the discretion to limit the time, place and manner of discovery...," ECF No. 10, PageID39, and argues that the burden of not granting the requested protective order weighs more heavily on Defendant (or more precisely the Defendant's corporate representative) than on Plaintiff. Plaintiff's counsel, on the other hand, contends that her office is the more appropriate site for the deposition because she has resources available there that would facilitate a more efficient deposition, such as her servers, staff, and case files.

We are not talking about a substantial burden in either case, but on balance, the burden on Plaintiff of a less efficient deposition outweighs the burden on the deponent of his lawyer of driving an extra fifteen miles. In *Cardinal Aluminum Co. v. Continental Casualty Co.*, 2015 WL 4068405 (W.D. Ky. 2015), the Court found that requiring the defendant's corporate representative to drive 115 miles for his Rule 30(b)(6) deposition was not unduly burdensome or expensive. Moreover, any burden on the deponent in this case will be lessened by requiring the Plaintiff to pay his mileage.

The Plaintiff also cites cases for the proposition that "[t]he location of a deposition is initially selected by the party noticing the deposition." *Plaintiff's Response*, ECF No. 12, PageID66, citing *Broooks v. Charter Twp. of Clinton*, 2014 WL 1304624 (E.D. Mich. 2014). Defendant, on the other hand, cites cases describing a "general rule" that under Rule 30(b)(6), corporate representatives should ordinarily be deposed at the corporation's principal place of business. *Defendant's Reply*, ECF No. 14, PageID90-91, citing *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 165 F.R.D. 65, 67 (E.D. Mich. 1996). *M & C Corp.* also holds that "[t]his rule is not, however, without exception and this court has the discretion to determine whether the requested protective relief is warranted."

In this case, neither party proposes that the Rule 30(b)(6) witness be deposed at his place of business; rather, the question is whose law office will host the deposition, and whether the witness will drive 12 miles or 27 miles. The "general rule" that a corporate representative be deposed at his or her place of business is therefore not pertinent. Ultimately, the question in this motion for protective order is whether the Defendant has met its burden under Rule 26(c) of showing that its corporate witness is unduly burdened by driving an extra 15 miles. I find that it has not, and, in the exercise of my discretion will order that the deposition take place at the office of Plaintiff's counsel in Troy, Michigan. Plaintiff will, of course, pay the deponent the standard mileage rate.

Because discovery closed on September 10, 2019, I will extend discovery to October 1, 2019, solely for the purpose of taking the Rule 30(b)(6) deposition. No other dates in the Court's scheduling order [ECF No. 6] are affected by this Order. I trust that counsel will be able to arrange a mutually agreeable date for the deposition without further involvement by the Court.

Which brings me back to my initial point that these issues should be able to be resolved between attorneys. I assume that the parties are paying their counsel for slugging it out in court over simple scheduling issues that most lawyers should and do work out on their own. I understand that there might be a more serious issue if the disputed depositions sites are thousands of miles apart, or if the witness is overseas. *See Recaro North America, Inc. v. Holmbergs Childsafety Co. Inc.*, 2011 WL 5864727 (ED Mich. 2011). But litigation is expensive enough without making the parties finance a dispute over 15 miles. To ensure that the parties in this case are aware of what they are paying for, counsel will mail a copy of this Opinion and Order to their respective clients.

Accordingly, IT IS ORDERED that Defendant's motion for protective order [ECF No. 10] is DENIED, with no costs assessed to either party.

IT IS FURTHER ORDERED that discovery is extended to October 1, 2019, for the sole purpose of taking the Rule 30(b)(6) deposition of Defendant's corporate representative, which will take place at the Troy, Michigan office of Plaintiff's counsel.

IT IS FURTHER ORDERED that Plaintiff will pay standard mileage rates to Defendant's Rule 30(b)(6) witness.

IT IS FURTHER ORDERED that counsel for both Plaintiff and Defendant will mail a copy of this Opinion and Order to their respective clients, and will file a certification of mailing with this Court.[2]

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: September 11, 2019

---

### CERTIFICATE OF SERVICE

I hereby certify on September 11, 2019, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on September 11, 2019.

---

[2] In the case of the corporate Defendant, counsel will mail the Opinion and Order to the president or CEO.